### BURNETT *vs.* MENIFEE.

Upon quashing the original writ, it is error to enter final judgment againt the plaintiff.
Where the defendants reside in different counties, the plaintiff may either issue separate
    writs to the different counties, each against the defendants only who reside in each,
    or he may issue one writ to the county where the suit is brought, against *all* of the
    defendants, and, upon its being returned *non est* as to some, may discontinue as to
    them, and take judgment against the others.

DEBT, determined in Conway Circuit Court, in September, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. Burnett sued Nimrod Menifee and James Menifee, alleging, in his declaration, that the former resided in the county of Conway, and the latter in the county of Pope, and issued a summons, to the sheriff of Conway, against both, which was executed on Nimrod Menifee, and returned, as to James Menifee, *non est.* On motion of Nimrod Menifee, the Court quashed the writ, and thereupon entered final judgment against the plaintiff. Burnett sued his writ of error.

*Gilchrist & Evans,* and *Ashley & Watkins,* for the plaintiff.

*Linton,* contra.

*By the Court,* DICKINSON, J.

It was error for the Court below to give final judgment against the plaintiff, as was decided in the case of *Hartley vs. Tunstall et. al.,* 3 *Ark. Rep.* 125. This judgment, both in form and substance, as the Court remarked in that case, is in bar of the action, and wholly un-authorized.

Besides, there is error in quashing the writ, because it was joint, and only executed upon one. The statute regulating the proceedings in such cases, gives to the plaintiff the right of issuing separate writs, where the defendants reside in different counties; but it certainly does not abridge the right of issuing a joint writ, in the same county in which the suit was commenced. He may take his writ against both; and, if not executed in time, or not executed at all, he may either discontinue as to the defendant upon whom there has been no service,

and proceed to judgment against him upon whom there was service; or he may continue the case to the next term, for service.   In this instance, he chose to pursue the first remedy, which he was fully authorized to do.

Judgment reversed.